E
X
H
I
B
I
T

A

# EXHIBIT A

Case 3:19-cv-00194-GNS   Document 1-1   Filed 03/18/19   Page 2 of 24 PageID #: 5

NOT ORIGINAL DOCUMENT
03/18/2019 11:23:30 AM
82451-31

**COMMONWEALTH OF KENTUCKY**
**JEFFERSON CIRCUIT COURT**
**DIVISION _____**
**CAUSE NUMBER _____**


**LINDA HUBER**
**3602 Sudbury Lane**                      **PLAINTIFF**
**Louisville, Kentucky 40220**


**v.**             **VERIFIED COMPLAINT**


**JEFFERSON COUNTY PUBLIC SCHOOLS**        **DEFENDANT(S)**
**Van Hoose Education Center**
**3332 Newburg Road**
**Louisville, Kentucky 40232**

**And**

**IMAN TALAAT (in her individual and official capacity)**
**Retired Principal of Liberty High School**
**3332 Newburg Road**
**Louisville, Kentucky 40232**

**Serve:**
**JCPS Superintendent**
**Dr. Martin Polio**
**3332 Newburg Road**
**Louisville, Kentucky 40232**

*****

Comes the Plaintiff, Linda Huber, (hereinafter "Ms. Huber" or "Plaintiff"), and for her cause of action against the Defendants Jefferson County Public Schools (hereinafter "JCPS") and Iman Taalat, principal of Liberty High School (hereinafter "Iman" or "Ms. Taalat") and states as follows:

1.      The Plaintiff is a resident of Louisville, Jefferson County, Kentucky and was employed by Jefferson County Public Schools, at all times relevant to this action,

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000001 of 000016

Filed          19-CI-001019   02/13/2019          David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT
                                                                    03/18/2019 11:23:30 AM
                                                                        82451-31

specifically Liberty High School which is located in Louisville, Jefferson County, Kentucky.

2.        Defendant JCPS is the public school system for Louisville, Jefferson County, Kentucky.

3.        Defendant Iman Taalat, at all times relevant to this action was employed by JCPS at Liberty High School.

4.        Ms. Huber's causes of action are brought pursuant to the Kentucky Civil Rights Act, KRS 344 *et seq*., and the common law of the Commonwealth of Kentucky.

## FACTUAL ALLEGATIONS

5.        Ms. Huber was began her employment with JCPS in February of 1993 and began her employment  at Liberty High School  on or around 2001.

6.        Ms. Huber was forced to leave her employment in October of 2009 just shy of her 63rd birthday.

7.        From 1993 to approximately 2001, Ms. Huber worked diligently with the middle school units at JCPS as a business and career coordinator or liaison.

8.        On or around 2001 Ms. Huber transitioned into in the role of Community Liaison at Liberty High School, she worked closely with the Discovery Program for Liberty High School, a nine (9) week program for potential Liberty Students, additionally Ms. Huber was responsible for the senior seminar programs, job shadowing programs, ran the health promotion school of excellence grant and sat on the board and worked to implement the service learning component of JCPS in addition to other daily tasks and projects assigned to her.

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000002 of 000016

Filed          19-CI-001019    02/13/2019          David L. Nicholson, Jefferson Circuit Clerk

DOCUMENT
03/18/2019 11:23:30 AM
82451-31

9.      For a period of 16 years, Ms. Huber worked as the administrator and instructor in charge of helping senior students to choose and fulfill their senior project requirements.

10.     Ms. Huber left JCPS and Liberty High School in November 2009.

11.     The harassment, humiliation and systematic discrimination against Ms. Huber began shortly before Tom Carter left Liberty as principal.

12.     The first real incident which Ms. Huber was subjected too involved Nina Bedford, Ms. Huber in executing her day to day duties, specifically signing students in and out of the building. On one such occasions, Ms. Huber was signing a student into the building, all of the sudden Nina Bedford from the other room screamed "You tell Linda to get that Sign out of her car and move her car from that spot in the parking lot", Ms. Huber looked at one of the clerks near her, Donna Conkin, that she (Ms. Huber) would move her sign, but would not remove the "Pro Life" sign from the back of her car. As soon as Ms. Huber finished speaking Nina Bedford ran out of her office and began screaming and belittling Ms. Huber, told her that she would do what Ms. Bedford told her too.

13.     After this incident Ms. Huber began calling different individuals, such as Jay Sekulow, American Center for Law and Justice as well personal friends to determine what her rights were, and whether or not they had been violated.

14.     The intimidation, harassment and humiliation was exacerbated Ms. Taalat assumed the role of Principal at Liberty High School in.

15.     Everyone in the building had a refrigerator, and on occasion some electricity would go out, Ms. Talaat would send the Janitor to tell Ms. Huber to take her fridge home.

16.     On one occasion a senior female student asked Ms. Huber to be a mentor on her project which was centered around exploring Pro-life or anti abortion platforms.

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000003 of 000016

Filed        19-CI-001019    02/13/2019        David L. Nicholson, Jefferson Circuit Clerk
Case 3:19-cv-00194-GNS    Document 1-1    Filed 03/18/19    Page 5 of 24 PageID #: 8

03/18/2019 11:23:30 AM
82451-31

17.        Ms. Huber was forbidden from mentoring the above-mentioned student on her project, because according to Ms. Katz and Sandra Harris Ms. Huber was "too prejudice".

18.        This despite the fact that on another occasion a teacher was permitted to mentor a student doing a project on abortion rights and was allowed to take her to the abortion clinic here in Louisville.

19.        Prior to engaging in the above, the teacher came to Ms. Huber and stated "you wont like this" in a challenging manner in relaying the fact that she would be mentoring a student on an abortion right program.

20.        Ms. Huber was constantly being admonished  for purportedly slamming her office door.

21.        Ms. Huber was constantly admonished, challenged and humiliated due to her known political affiliations.

22.        On at least one occasion, Sandra Harris, an administrator – curriculum director- at Liberty High School was in her office, which she shared with Ms. Huber, after leaving Ms. Talaat's office and immediately dove into the fact that she (Ms. Harris) had to "defend" Ms. Huber to Ms. Talaat- specifically stating that she (Ms. Harris) told Ms. Taalat that she (Ms. Talaat) knew what Linda Huber's political and religious affiliations and beliefs were prior to her (Ms. Talaat) becoming principal, and she (Ms. Talaat) should have just fired Ms. Huber then. (when Ms. Talaat became principal).

23.        Ms. Taalat used her position to harass, intimidate, terrorize and destroy the careers of several individuals, including Ms. Huber.

24.        Ms. Taalat targeted Ms. Huber because of her religious and political affiliations in addition to her age.

Filed 19-CI-001019 02/13/2019 David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
03/18/2019 11:23:30 AM
82451-31

25.     Ms. Taalat instructed other employees of Liberty High School to collect and construct false documentary evidence regarding Ms. Huber.

26.     The above mentioned employees include the following: Tim Foster, Nina Bedford, Alethia Victor, and Roderick among others.

27.     Ms. Julia Foster initiated an investigation into Ms. Taalat after Ms. Huber left.

28.     During the course of Ms. Foster's initiated investigation Ms. Foster confirmed in her own words that Ms. Taalat forced employees, to include herself, to make false statements against Ms. Huber.

29.     After Ms. Foster's investigation the district hired another individual, an ex- FBI agent, to further investigate the claims of abuse, harassment and intimidation against Ms. Talaat.

30.     During the course of this investigation, the investigator called upon Ms. Huber to share her experiences with him.

31.     Ms. Huber, was unaware of all of the steps Ms. Talaat had orchestrated in order to illegally harass Ms. Huber until the summer of 2016 when Ms. Huber obtained copies of some of the records of investigations, including interviews with former and current Liberty High School faculty, the content of which showed time and time again where Ms. Talaat targeted Ms. Huber because of her religious and political affiliations.

32.     While Ms. Huber was employed, Ms. Talaat treated her differently than all other employees, targeting her political and religious affiliations by demeaning and humiliating Ms. Huber for her beliefs regarding abortion, her support of Kentucky and National republican candidates.

Filed   19-CI-001019   02/13/2019   David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT

03/18/2019 11:23:30 AM
82451-31

33.      Unknown to Ms. Huber, Ms. Talaat had actively targeted her, and informed her "inner circle" of teachers and administrators as much.

34.      In 2018, Ms. Huber became aware for the first time the full extent of Ms. Talat's conspiracy to remove Ms. Huber from her position at Liberty High School, both Julia Foster and Tim Foster ("Mr. Foster") (assistant principal at the time Ms. Huber worked at Liberty) attested to the fact that during some administrative staff meetings, Ms. Talaat stated that she had list of individuals she wanted to make sure were terminated.

35.      Ms. Foster and Mr. Foster both attested to the fact that Ms. Talaat would write the above referenced individuals names on the board during the meeting.

36.      Ms. Foster and Mr. Foster both attested to the fact that Ms. Huber's name was written on the above referenced board due to her political and religious beliefs and affiliations.

37.      Additionally, Ms. Huber shared a common trait with other individuals targeted by Ms. Talaat in the fact that they were all over the age of forty (40).

38.      Ms. Talaat targeted Ms. Huber in part due to her political and religious affiliations and in part due to her age.

39.      The circumstances surrounding Ms. Huber's termination are as follows:

   a.   On a day in early October of 2009, Ms. Huber opened an email sent to her by another Liberty employee Bonnie Oether, chain email, the content of which was centered around a hot political issue, relating to the purchase of a new stamp which featured Muslims, the message was not to buy the stamp. Ms. Huber read the email and sent it to her sister in law and deleted it, all before the work day officially began. Later that day, Bonnie called Ms. Huber to warn her that Iman was on the war path,

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000006 of 000016

Filed          19-CI-001019    02/13/2019          David L. Nicholson, Jefferson Circuit Clerk          DOCUMENT
03/18/2019 11:23:30 AM
82451-31

Bonnie relayed the fact that Bonnie had been called into Ms. Talaat's office and demeaned, screamed at and reduced to tears over the emails. Ms. Huber was terrified and in an attempt to ensure that the message had been erased from her computer, so as not to offend any person, Ms. Huber for help from an individual named Andre in the next office. Next thing Ms. Huber knew, Ms. Talaat came flying through Ms. Huber's office, screaming, walking toward Ms. Huber in a hyper aggressive manner, forcing Ms. Hubers' back up to a wall of file folders, yelling that Ms. Huber was racist against Muslims, hated Muslims, hated her (Ms. Talaat). Ms. Huber shaking amd terrified looks up and behind Ms. Talaat to see three security guards standing behind Ms. Talaat, at least one of which was armed. Ms. Talaat backing Ms. Huber further into a wall, with her fingers in Ms. Huber's face, told Ms. Huber that she (Ms. Talaat) would have Ms. Huber arrested for hate crimes. Ms. Talaat then stormed out of the room and shortly thereafter a security guard came into the room and took Ms. Huber's computer and left. Ms. Huber was left alone shaking humiliated in tears completely broken. Ms. Huber felt so unsafe and insecure she packed her things up and left at her usual time.

40.    Ms. Talaat took all of the good wonderful and beautiful accomplishments from Ms. Huber and threw them out the door, Ms. Talaat made it known, published to everyone who would listen that Ms. Huber was a narrow minded, racist bigot- which could not be further from the truth.

41.    After the above occurred, Ms. Huber wrote a letter to Donna Hargins, JCPS superintendent at the time, a copy of which is attached hereto as Exhibit "A" and told her what had occurred, and what had been occurring at the hands of Talaat.

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000007 of 000016

Filed                19-CI-001019     02/13/2019                David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                                                 03/18/2019 11:23:30 AM
                                                                                                 82451-31

42.      Ms. Huber got no response from the District.

43.      Ms. Huber then hired an attorney to go and meet with the Department dealing with

Compliance and Investigations at the district in order to discuss the treatment she received,

and again was met with resistance and apathy.

44.      Ms. Huber was subjected to daily harassment, threats, humiliation, degradation and

defamation at the hands of Ms. Taalat and her "inner circle".

45.      In an interview taken from Ms. Foster in relation to her claim that Ms. Taalat

cultivated a hostile work environment she stated "Ms. Talaat's retaliatory efforts include

isolation of the staff member with whom she is upset. . . encourages other staff and

administrators to further the isolation by ignoring and not communicating with the person

on her list. .. if someone does communicate with a staff member on Ms. Talaat's list they

become a target for not being loyal. . . causing intense and emotional damage to the

recipient.

46.      The pain, anxiety, suffering and humiliation Ms. Huber endured while working at

Liberty High School was such that for years Ms. Huber endured night terrors relating to

the incidents which occurred.

47.      It took her several years to get to the level of stability necessary to pursue this claim.

**FIRST CAUSE OF ACTION: DISCRIMINATION ON THE BASIS OF AGE**

48. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through

47 above, as if fully set forth with particularity herein.

49. The action by the Defendant JCPS and its agent Iman Talaat is discriminatory under KRS

344.040, which specifically deals with discrimination against individuals over the age of

40.

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000008 of 000016

Filed          19-CI-001019     02/13/2019          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
03/18/2019 11:23:30 AM
82451-31

50. Ms. Huber was 62 at the time she was terminated.

51. Defendant Iman Talaat specifically knew that Ms. Huber was over the age of 40 and used it as another excuse to terminate her.

52. Defendant Iman Talaat targeted individuals over the age of 40 including Ms. Huber.

53. Defendant JCPS through the acts of its agents specifically Iman Talaat committed an unlawful practice of discrimination against an Ms. Huber because of her age, in violation of KRS § 344.040.

54. Wherefore, the Plaintiff, Ms. Huber having shown that she is perceived as a disabled person and was fired, in part because of Defendant Talaats disdain for Ms. Huber's age has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, health insurance, as well as loss of pension benefits, etc.


## SECOND  CAUSE OF ACTION: CIVIL CONSPIRACY

55. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1 through 54 as if fully set forth with particularity herein;

56. That Defendant Iman Talaat  did engage in a corrupt combination of schemes to terminate Plaintiff by contrived means in violation of KRS §344;

57. That Defendant Iman Talaat with numerous staff members, teachers and administrators at Liberty High School formulated and began carrying out said scheme in as soon as Defendant Talaat became the Principal of Liberty High School, cultivating and encouraging all other employees to treat Plaintiff with hostility and making it publically

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000009 of 000016

DOCUMENT
03/18/2019 11:23:30 AM
82451-31

known that she encouraged any person to make complaints against Plaintiff as she

wanted documentation to support her plan to terminate Plaintiff's employment.

58. That Defendant conspired in order to make excuses to write Plaintiff up, engage in hostile

behavior and make frivolous complaints against Plaintiff. .

59. That Plaintiff suffered damages in the form of emotional pain and suffering, lost wages,

and damages associated with the civil conspiracy perpetrated by Defendants;

### THIRD CAUSE OF ACTION: HOSTILE WORK ENVIRONMENT

60. That Plaintiff hereby incorporates herein each and every allegation of paragraphs 1

through 59 as if fully set forth with particularity herein;

61. That Plaintiff is a member of a protected class;

62. That Plaintiff was subject to a daily pattern of unwelcome harassment, intimidation, and

assaults perpetrated by the Defendant JCPS, and Iman Talaat.

63. That the unwelcome harassment was based on Plaintiff's age, religious and political

affiliations and perpetuated when Plaintiff complained that she was being treated unfairly

and then reported the behavior of both Defendants to the district who took no steps to

resolve Plaintiff's complaints.

64. That the unwelcome harassment was based on Plaintiff engaging in activity protected

under KRS 344.

65. That as part of this daily pattern of unwelcome harassment, intimidation, and assaults

perpetrated by Defendants JCPS and Iman Talaat Plaintiff was forced to endure extreme

anxiety and emotional distress in the work place daily.

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000010 of 000016

Filed          19-CI-001019    02/13/2019          David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT
                                                                        03/18/2019 11:23:30 AM
                                                                               82451-31

66. That the harassment was severe and pervasive enough so as to alter the conditions of

    Plaintiff's environment and create a hostile and abusive working environment;

67. That there is a basis for Defendants JCPS and Iman Talaat's liability;

68. That Plaintiff complained and reported the harassment she was forced to endure , to her

    detriment, as no actions were ever taken to correct or even investigate hostile work

    environment that Plaintiff had been forced to endure.

### **FOURTH CAUSE OF ACTION: VIOLATION OF 42. USC 1983**

69. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through

    68 as if fully set forth with particularity herein;

70. Pursuant to 42 U.S.C. § 1983:[e]very person who, under color of any statute, ordinance,

    regulation, custom, or usage, of any State or Territory or the District of Columbia,

    subjects, or causes to be subjected, any citizen of the United States or other person within

    the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured

    by the Constitution and laws, shall be liable to the party injured in an action at law, suit in

    equity, or other proper proceeding for redress . . .

71. The United States Supreme Court found that "[t]his statute aims to "deter state actors

    from using the badge of their authority to deprive individuals of their federally

    guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole,

    504 U.S. 158, 161, 112 S. Ct. 1827, 118 L. Ed. 2d 504 (1992).

72. § 1983 "is not itself a source of substantive rights, but merely provides a method for

    vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271,

    114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (internal quotations omitted).

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000011 of 000016

Filed          19-CI-001019     02/13/2019          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
03/18/2019 11:23:30 AM
82451-31

73. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish the following two

   elements: (1) the defendant acted under color of state law; and (2) the defendant's conduct

   deprived the plaintiff of rights secured under federal law. Handy-Clay v. City of

   Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012).

74. While employed by the Defendant JCPS and under the supervision of the Defendant

   Iman Talaat, Ms. Huber was deprived of her rights guaranteed under the First

   Amendment to the United States Constitution.

75. Specifically Ms. Huber was isolated, humiliated, harassed and subjected to adverse

   employment action in whole or in part because of her political and religious affiliations.

76. Ms. Huber was forced to suppress her speech when she was forced to remove a pro-life

   sign out of the back of her car while other Liberty employees were allowed to express

   their beliefs in abortion rights.

77. Ms. Huber was not allowed to mentor a student who wanted to learn and write about pro-

   life ideology for her senior project, while another employee at Liberty was allowed to

   mentor a student who wanted to learn and write in support of abortion rights for their

   senior project.

78. Ms. Huber was publicly and privately humiliated by Iman Talaat and other Liberty

   employees because of her political and religious affiliations regularly.

79. In 2018 Ms. Huber discovered that she in fact had been targeted by Iman Talaat in an

   attempt to force Ms. Huber to leave her position or to terminate Ms. Huber from her

   position in whole or in part because of her religious and political affiliations.

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000012 of 000016

Filed          19-CI-001019    02/13/2019          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                                    03/18/2019 11:23:30 AM
                                                                                    82451-31

80. Ms. Huber has and will continue to suffer mental anguish, anxiety, depression and fear and well as loss of income and benefits because of the actions taken and or omitted by the Defendants.

## FIFTH CAUSE OF ACTION FIRST AMENDMENT RETALIATION

81. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 80 as if fully set forth with particularity herein;

82. To establish a prima facie case of First Amendment retaliation under 42 U.S.C. § 1983, a plaintiff must prove the following elements: (1) [s]he engaged in constitutionally protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the protected conduct. Id.

83. Once the plaintiff  makes this showing, the burden of persuasion shifts to the defendants to "show by a preponderance of the evidence that they would have terminated [the plaintiff] even had [s]he not engaged in constitutionally protected activity." Cockrel v. Shelby Cnty. Sch. Dist., 270 F.3d 1036, 1056 (6th Cir. 2001).

84. The public employee's speech is entitled to First Amendment protection if [s]he demonstrates the following elements: (1) h[er] speech was made as a private citizen, rather than pursuant to h[er] official duties; (2) h[er] speech involved a matter of public concern; and (3) h[er] interest as a citizen in speaking on the matter outweighed the state's interest, as an employer, in "promoting the efficiency of the public services it performs through its employees." Id.

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000013 of 000016

Filed          19-CI-001019     02/13/2019          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                    03/18/2019 11:23:30 AM
                                                                              82451-31

85. That the US Constitution makes it illegal for any government or pseudo government entity to discriminate against an individual based on there religious and or political affiliations.

86. That JCPS and Iman Taalat did discriminate against Ms. Huber because of her religious and political affiliations.

87. That Plaintiff was engaged in protected activity;

88. That the exercise of Plaintiff's civil rights was known by Defendant  JCPS and Defendant Iman Talaat.

89. That Plaintiff did report the discrimination, harassment, hostility and abuse that she was subjected to and that no action was taken to investigate those complaints.

90. That, Defendants JCPS and Iman Talaat did take employment action adverse to Plaintiff because she exercised her rights under the First Amendment;

91. That there is a causal connection between the protected activity and the adverse employment action: Namely the Plaintiff was abused because of her religious and political affiliations.

92. That Plaintiff, having shown a *prima facie* case of First Amendment Retaliation, has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of income, and all benefits accrued by the Plaintiff during her employment with Defendant JCPS.

93. That Plaintiff, having shown that she was treated differently because of she engaged in protected activity, to her detriment, has suffered, and will continue to suffer, monetary losses based on humiliation, embarrassment, mortification of feelings, and loss of

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000014 of 000016

Filed          19-CI-001019   02/13/2019        David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                        03/18/2019 11:23:30 AM
                                                                        82451-31

income, and all benefits accrued by the Plaintiff during her employment with Defendant

JCPS

## PRAYER FOR RELIEF

94. The Plaintiff hereby incorporates herein each and every allegation of paragraphs 1

    through 93 above as willfully set forth with particularity herein.

95. WHEREFORE, Ms. Huber, prays that this Court:

96. Declare JCPS , and Iman Talaat's  conduct in violation of Ms. Huber' rights;

97. Award Ms. Huber compensatory damages in such amounts as shall be proved at trial for

    her economic and other losses;

98. Award Ms. Huber damages in an amount to be proved at trial for the humiliation,

    embarrassment, personal indignity, apprehension about her future, emotional distress, and

    mental anguish, which Defendants JCPS and Iman Talaat caused.

99. Award Ms. Huber punitive damages against JCPS and Iman Talaat for the serious

    intentional wrongs they committed against her, alleged herein above;

100. Award Ms. Huber costs, interest, and attorneys' fees pursuant to KRS 344; and

101. Grant her such further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff, Ms. Huber,  demands a jury to try all issues triable by jury.

Respectfully Submitted,

/s/ Marilyn "Linsey" Shrewsbury
Marilyn "Linsey" Shrewsbury
Chad Nelson
NELSON MCDONALD & SHREWSBURY

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000015 of 000016

Filed        19-CI-001019   02/13/2019        David L. Nicholson, Jefferson Circuit Clerk        DOCUMENT
                                                                                    03/18/2019 11:23:30 AM
                                                                                    82451-31

121 South Seventh Street
STE 200
Louisville, KY 40202
P:(502) 303-5228
P:(270) 963-9116
linsey@nmslawgroup.com
chad@nmslawgroup.com
*Counsel for Plaintiff*

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000016 of 000016

Filed       19-CI-001019     02/13/2019        David L. Nicholson, Jefferson Circuit Clerk DOCUMENT

03/18/2019 11:24:13 AM
82451-31

Presiding Judge: HON. ANNIE O'CONNELL (630384)

## VERIFICATION

I, Linda Huber, have read the foregoing Verified Complaint, and the matters of fact therein set forth are true and accurate to the best of my knowledge and belief.

LINDA HUBER

COMMONWEALTH OF KENTUCKY   )
                                                    )SCT
COUNTY OF JEFFERSON              )

Subscribed and sworn to before me by LINDA HUBER this the 14 day of January 2019.

My Commission Expires: August 2021

NOTARY PUBLIC
STATE AT LARGE, KENTUCKY

MIS : 000001 of 000001

Filed          19-CI-001019     02/13/2019          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                                     03/18/2019 11:23:40 AM
                                                                                     82451-31

Linda Huber
3602 Sudbury Ln.
Louisville, KY 40222
(502) 727-0556

Tuesday, April 24,2012

Dear Dr. Hargen

My name is Linda Huber and I am writing to you today to file a complaint against Iman Talaat, Tim Foster, Nina Bedford, Jessica Duffy, Artrice Temple, Alethea Victor and the Jefferson County Board of Education. My Complaint is based upon a long train of abusive discriminatory tactics which were waged against me during my employment at Liberty High School. The discrimination I am relating is well documented, occurred over an extended period of time, and led to my choosing to retire and escape the bullying, baiting and hostile work environment rather than continue working in the job I loved.

Though I was forced into retirement over two years ago, I think it is my moral obligation to come forward. I understand that current employees are brave enough to take a stand against Ms. Talaat's administration. My experiences would document anything they would report. It is painful for me to relive that time in my life but it is important that the truth be told. There were many others who were valued employees at Liberty whose jobs and reputations suffered at the hands of the above named personnel's abuses and bullying. I hope that as the investigation widens these former victims are able to be heard.

The first attack came from Assistant Principal Bedford. My car was visible from her office window and while I was in the entry hall I heard her scream, "Tell Linda to get her car out of the lot and get her signs out of her car!" The sign in question was pro-life. I told the clerk to tell her I would move my car but not my signs because I had First Amendment Rights. She emerged from her office and continued her tirade at me in front of students and staff.

On one occasion I was told, on the sly, that I needed to go to the Library because some donated books were going to be thrown out. I was told that they were "[my] kind of books." When I asked the Librarian why they were all being tossed she responded that they were written by conservative authors and articulated conservative ideas I replied that in an institution of learning more than one view should be presented. She disagreed. I took the books.Evidence that the administration at Liberty was openly hostile to political opinions and beliefs that are different from their own.

Unfortunately, it did not end there. Ms. Talaat and Mr. Foster became Principal and Assistant Principal, joining Assistant Principal Bedford. A lethal trio to lead what once was a very good school into chaos. Sadly the focus of the administration was no longer on the well being of the students.

At the end of the 2008-2009 school year, I underwent a professional evaluation, on which I did quite well. Then, at the beginning of the 2009-2010 school year the intimidation intensified. I was called into a conference on August 28, 2009. The conference was held in Mr Foster's office with Ms. Duffy in attendance. The accusations were libelous and blatantly false. The result was that Mr. Foster would recommend to Ms. Talaat that I would be removed from my office and put somewhere " where no one will ever know what you think about anything ever again."

On September 1, 2009, I was called to Ms Talaat's office. I was placed with my back to the wall and surrounded by Ms Talaat, Ms. Bedford and Mr. Foster. Ms Talaat handed me the heinous letter. Being hit with such slanderous accusations was an emotional blow. I climbed my way past them, leaving the room to compose myself. They, in the meantime, called a union representative, Joe Phelps. I didn't belong to the Union. Mr. Phelps came to the school, spoke with them and then me. A meeting was then held immediately with the afore mentioned players present. Again, I was alone in this process, lacking any real "representation." During the ensuing " conference," Mr. Phelps explained that my evaluations were perfect and that there was never any

Presiding Judge: HON. ANNIE O'CONNELL (630384)                    EXH : 000001 of 000003                    NOT ORIGINAL DOCUMENT

Filed          19-CI-001019   02/13/2019          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                                      03/18/2019 11:23:40 AM
                                                                                      82451-31
                                                                                              page 2

mention of any condescending or prejudicial remarks. I was scheduled to go to sensitivity training the next morning. During the same meeting, Ms. Bedford threatened that if I even thought about getting a lawyer and suing them they would make it" public, ugly, lengthy and costly."

Following my attendance at the sensitivity class, a meeting was held with Ms. Talaat, Mr. Foster, Ms. Bedford, and Mr. Phelps. Again, my back was against the wall, separating me from the door. Matters seemed to be settled and I returned to my new office where I had been banished. On Thursday, October 1, 2009, I was once again targeted by Ms. Talaat and other personnel. While seated at my desk, my door flew open and in stormed Ms. Talaat. Ms. Talaat was in such a rage that I immediately moved from my chair and stood, backing myself against the wall, as she had the door blocked with security guards. Ms. Talaat had been informed of an e-mail I had received earlier in the day from a co-worker.  Upon being questioned if I received it, I replied that I had. Ms. Talaat then inquired whether I had sent it to someone else, to which I responded that I had sent it to my sister-in-law and then deleted said e-mail. She arose from my chair, put her finger to my nose and told me that she would now have me arrested for hate crimes. She then left the room. Shortly thereafter, while recuperating from this assault, the door opened again, and the security guards, led by David Arnold, removed my computer from my office.

They had finally broken me. I spent the rest of the day cleaning out my office and took my few personal belongings and left at the end of the day. I never went back. I filed for retirement the next day. This early retirement did not just do damage to my reputation and my emotional wellbeing but also had an impact on my financial stability. This information I've revealed to you is with the hope that the sick abusive discriminatory environment of Liberty High School will be addressed. I devoted sixteen years to JCPS and its wonderful students, many caring teachers, and competent administrators. It is with a heavy heart that I do this, but the mission of JCPS is about the students and they cannot thrive in such a poisonous atmosphere.

Respectfully,



Linda S. Huber

cc Kentucky Professional Standards Board

Jefferson County Teachers Association

JCAESP/AFSCME

Human Resources JCPS

Teddy Gordon

Presiding Judge: HON. ANNIE O'CONNELL (630384)

EXH : 000002 of 000003





Receipt of letter from Frida Huber
on April 24, 2012.

Sherry Fields
Exc. Secretary to Supt.

Presiding Judge: HON. ANNIE O'CONNELL (630384)

EXH: : 000003 of 000003

NOT ORIGINAL DOCUMENT
03/18/2019 11:23:44 AM
82451-31

| AOC-E-105 | Sum Code: CI | | Case #: **19-CI-001019** |
|---|---|---|---|

AOC-E-105
Rev. 9-14

Sum Code: CI



Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

CR 4.02; Cr Official Form 1

Case #: **19-CI-001019**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

# CIVIL SUMMONS

*Plaintiff,* **HUBER, LINDA VS. JEFFERSON COUNTY PUBLIC SCHOOLS, ET AL**, *Defendant*

TO: **JEFFERSON COUNTY PUBLIC SCHOOLS**

**VANHOOSE EDUCATION CENTER**

**3332 NEWBURG ROAD**

**LOUISVILLE, KY 40232**

Memo: Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*David L. Nicholson*

Jefferson Circuit Clerk
Date: **2/13/2019**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

Presiding Judge: HON. ANNIE O'CONNELL (630384)

CI : 000001 of 000001

Summons ID: @00000899402
CIRCUIT: 19-CI-001019 Certified Mail
HUBER, LINDA VS. JEFFERSON COUNTY PUBLIC SCHOOLS, ET AL



eFiled

Page 1 of 1

NOT ORIGINAL DOCUMENT
03/18/2019 11:23:53 AM
82451-31

| AOC-E-105 | Sum Code: CI | | |
| Rev. 9-14 | | | |



Commonwealth of Kentucky
Court of Justice     *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #:  **19-CI-001019**
Court:   **CIRCUIT**
County:  **JEFFERSON Circuit**

# CIVIL SUMMONS

*Plantiff,* **HUBER, LINDA VS. JEFFERSON COUNTY PUBLIC SCHOOLS, ET AL**, *Defendant*

TO:  **IMAN  TALAAT**
     **3332 NEWBURG ROAD**
     **LOUISVILLE, KY 40232**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*

Jefferson Circuit Clerk
Date: **2/13/2019**

Presiding Judge: HON. ANNIE O'CONNELL (630384)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

CI : 000001 of 000001

Summons ID: @00000899403
CIRCUIT: 19-CI-001019 Certified Mail
HUBER, LINDA VS. JEFFERSON COUNTY PUBLIC SCHOOLS, ET AL



Page 1 of 1

*eFiled*

NOT ORIGINAL DOCUMENT
03/18/2019 11:24:04 AM
82451-31



| AOC-E-105<br>Rev. 9-14 | Sum Code: CI | | Case #: **19-CI-001019** |
|---|---|---|---|
| Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov | | | Court: **CIRCUIT** |
| CR 4.02; Cr Official Form 1 | | **CIVIL SUMMONS** | County: **JEFFERSON Circuit** |

*Plantiff,* **HUBER, LINDA VS. JEFFERSON COUNTY PUBLIC SCHOOLS, ET AL**, *Defendant*

TO: **MARTIN  POLIO**

  **JCPS SUPERINTENDENT**

  **3332 NEWBURG ROAD**

  **LOUISVILLE, KY 40232**

Memo: Related party is JEFFERSON COUNTY PUBLIC SCHOOLS

The Commonwealth of Kentucky to Defendant:
**JEFFERSON COUNTY PUBLIC SCHOOLS**

  You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*

Jefferson Circuit Clerk
Date: **2/13/2019**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

  Date: _____, 20 _____

  _____
  Served By

  _____
  Title

Summons ID: @00000899404
CIRCUIT: 19-CI-001019 Certified Mail
HUBER, LINDA VS. JEFFERSON COUNTY PUBLIC SCHOOLS, ET AL



Page 1 of 1

Presiding Judge: HON. ANNIE O'CONNELL (630384)

CI : 000001 of 000001

**eFiled**